UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**BRENDA K. RAMSEY,**

> Plaintiff,

v.                                                           Case No. 2:22-cv-75-JES-NPM

**COMMISSIONER OF SOCIAL SECURITY,**

> Defendant.

---

## REPORT AND RECOMMENDATION

Plaintiff Brenda Ramsey seeks judicial review of a denial of Social Security disability benefits. The Commissioner of the Social Security Administration filed the transcript of the proceedings (Doc. 12), [1] and the parties filed a joint memorandum (Doc. 20). As discussed in this report, the decision of the Commissioner should be affirmed.

### I.    Eligibility for Disability Benefits and the Administration's Decision

#### A.    Eligibility

The Social Security Act and related regulations define disability as the inability to do any substantial gainful activity by reason of one or more medically determinable physical or mental impairments that can be expected to result in death or that have lasted or can be expected to last for a continuous period of not less than

---

[1] Cited as "Tr." followed by the appropriate page number.

twelve months.[2] Depending on its nature and severity, an impairment limits exertional abilities like walking or lifting, nonexertional abilities like seeing or hearing, tolerances for workplace conditions like noise or fumes, or aptitudes necessary to do most jobs such as using judgment or dealing with people.[3] And when functional limitations preclude both a return to past work and doing any other work sufficiently available in the national economy (or an impairment meets or equals the severity criteria for a disabling impairment as defined in the regulatory "Listing of Impairments"), the person is disabled for purposes of the Act.[4]

B.     Factual and procedural history

On January 2, 2020, Ramsey applied for disability insurance benefits. (Tr. 72, 87, 186-190). She asserted an onset date of April 23, 2019, alleging disability due to the following: rheumatoid arthritis, chronic neck and back pain, generalized anxiety, irritable bowel syndrome, and attention deficit disorder. (Tr. 60-61, 73-74). As of the alleged onset date, Ramsey was 50 years old with a college education. (Tr. 60, 73, 20, 205). Ramsey previously worked as a manager at a grocery store and two jewelry stores. (Tr. 205).

---

[2] *See* 42 U.S.C. §§ 416(i), 423(d), 1382c(a)(3); 20 C.F.R. § 404.1505.

[3] *See* 20 C.F.R. §§ 404.1513(a)(2)(i)-(iv) (discussing the various categories of work-related abilities), 404.1522(b) (providing examples of abilities and aptitudes necessary to do most jobs), 404.1545(b)-(d) (discussing physical, mental, and other abilities that may be affected by an impairment), 404.1594(b)(4) (defining functional capacity to do basic work activities).

[4] *See* 20 C.F.R. § 404.1511.

On behalf of the administration, a state agency [5] reviewed and denied Ramsey's applications initially on April 13, 2020, and upon reconsideration on October 21, 2020. (Tr. 60-72, 73-87). At Ramsey's request, Administrative Law Judge (ALJ) Charles Arnold held a hearing on March 11, 2021. (Tr. 35-59, 117). On April 29, 2021, the ALJ issued an unfavorable decision finding Ramsey not disabled. (Tr. 12-29). Ramsey's timely request for review by the administration's Appeals Council was denied. (Tr. 1-6). Ramsey then brought the matter to this court, and the case is ripe for judicial review.

## C.    The ALJ's decision

The ALJ must perform a five-step sequential evaluation to determine if a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). This five-step process determines:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether these impairments meet or equal an impairment listed in the Listing of Impairments; (4) if not, whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work; and (5) if not, whether, in light of his age, education, and work experience, the claimant can perform other work that exists in significant numbers in the national economy.

> *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015) (internal quotation omitted); *see also* 20 C.F.R. § 404.1520(a)(4).

The governing regulations provide that the Social Security Administration conducts this "administrative review process in an informal, non-adversarial

---

[5]  In Florida, a federally funded state agency develops evidence and makes the initial determination whether a claimant is disabled. *See* 42 U.S.C. § 421(a); 20 C.F.R. § 404.1503(a).

manner." 20 C.F.R. § 404.900(b). Unlike judicial proceedings, Social Security Administration hearings "are inquisitorial rather than adversarial." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1364 (11th Cir. 2018) (quoting *Sims v. Apfel*, 530 U.S. 103, 111 (2000) (plurality opinion)). "Because Social Security hearings basically are inquisitorial in nature, '[i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits.'" *Id.* Indeed, "at the hearing stage, the commissioner does not have a representative that appears 'before the ALJ to oppose the claim for benefits.'" *Id.* (quoting *Crawford & Co. v. Apfel*, 235 F.3d 1298, 1304 (11th Cir. 2000)). "Thus, 'the ALJ has a basic duty to develop a full and fair record. This is an onerous task, as the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Id.* (quoting *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015)).

Nonetheless, while the claimant is temporarily relieved of the burden of production during step five as to whether there are enough jobs the claimant can perform, the claimant otherwise has the burdens of production and persuasion throughout the process. *See* 20 C.F.R. § 404.1512 (providing that the claimant must prove disability); *see also Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (noting the regulations "place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work"). In short, the "overall burden of demonstrating the existence of a disability as defined by the

Social Security Act unquestionably rests with the claimant." *Washington*, 906 F.3d

at 1359 (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

At step one of the evaluation, the ALJ found Ramsey had not engaged in

substantial gainful activity since April 23, 2019, the alleged onset date. (Tr. 17). At

step two, the ALJ characterized Ramsey's severe impairments as: degenerative

changes of the cervical and lumbar spine; irritable bowel syndrome; rheumatoid

arthritis; hand tremors; and anxiety. (Tr. 17). At step three, the ALJ determined

Ramsey did not have an impairment or combination of impairments that met or

medically equaled the severity of an agency-listed impairment. (Tr. 18).

> As a predicate to step four, the ALJ arrived at the following RFC:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except as follows. She is able to perform only frequent reaching, handling, grasping, feeling or fingering. She can perform only low stress work, with no high production demands; only simple, routine, and repetitive tasks with simple instructions; and she can have only occasional interaction with others at the worksite.

(Tr. 20). Consequently, the ALJ found Ramsey unable to perform any past relevant

work. (Tr. 27). At step five, the ALJ found Ramsey could perform other work that

exists in significant numbers in the national economy. (Tr. 27). In support, a

vocational expert testified that an individual with Ramsey's age, education, work

experience, and RFC can perform the following representative occupations:

- *Routing clerk,* DOT #222.687-022, light; SVP 2, with 105,000 positions in the national economy;

- *Order helper,* DOT #239.567-010, light, SVP 2, with 14,000 positions in the national economy; and

- *Router,* DOT #222.587-038, light, SVP 2, with 35,000 positions in the national economy.

(Tr. 28).[6]

Thus, for the purposes of the Act, the ALJ concluded Ramsey was not disabled from April 23, 2019, the alleged onset date, through April 29, 2021, the date of the decision. (Tr. 28-29).

## II.   Analysis

The issue on appeal is whether the ALJ properly evaluated Ramsey's subjective complaints.

### A.   Standard of review

The court "may not decide the facts anew, make credibility determinations, or reweigh the evidence." *Buckwalter v. Acting Comm'r of Soc. Sec.*, 997 F.3d 1127, 1132 (11th Cir. 2021). While the court must account for evidence both favorable and unfavorable to a disability finding and view the evidence as a whole, *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), the court's review of the administration's decision is limited to determining whether "it is supported by substantial evidence

---

[6] The DOT numbers refer to the *Dictionary of Occupational Titles* and its detailed explanations concerning each occupation's requirements. These descriptions include exertion and skill levels. Exertion refers to the work—in a purely physical sense—that the job requires, and it is divided into five categories: sedentary, light, medium, heavy, and very heavy. Skill refers to how long it takes to learn the job, and it is divided into three categories: unskilled, semiskilled, and skilled. The "SVP" (Specific Vocational Preparation) provides further subdivision of the three skill categories into nine levels: SVP 1 and 2 are unskilled; SVP 3 and 4 are semiskilled; and SVP 5 through 9 are skilled.

and based on proper legal standards." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1280 (11th Cir. 2020) (quoting *Crawford*, 363 F.3d at 1158)).

"[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). The inquiry is "case-by-case," and "defers to the presiding ALJ, who has seen the hearing up close." *Id*. at 1157. In other words, a "presumption of validity attaches" to the ALJ's factual findings. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987). And if supported by substantial evidence, the ALJ's findings of fact are conclusive. 42 U.S.C. § 405(g). This means the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence "preponderates against" the agency's decision. *Noble v. Comm'r of Soc. Sec.*, 963 F.3d 1317, 1323 (11th Cir. 2020) (quoting *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991)).

## B.   The ALJ properly evaluated Ramsey's subjective complaints in light of objective medical evidence and other evidence.

When considering a claimant's subjective complaints, an ALJ must follow a two-step process. SSR 16-3p, 2017 WL 5180304, *3 (Oct. 25, 2017). First, the claimant must provide evidence of an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the claimant's

7

symptoms. Second, the ALJ must evaluate the intensity and persistence of those symptoms to determine the extent to which the symptoms limit the claimant's ability to perform work-related activities. *Id.* at *3-4.

If the objective medical evidence does not substantiate the claimant's statements about the intensity, persistence, and functionally limiting effects of symptoms, then the ALJ must consider other evidence in the record to determine if, and to what extent, the claimant's symptoms limit her ability to do work-related activities. This other evidence includes a claimant's daily activities; the location, duration, frequency, and intensity of the individual's symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medication taken to relieve the symptoms; treatment, other than medication, for the symptoms; any other measure used to relieve the symptoms; and any other factors concerning functional limitations and restrictions due to the symptoms. *See* 20 C.F.R. §§ 404.1529(c), 404.1545(a)(3); SSR 16-3p, 2017 WL 5180304 at *7-8. The regulations provide that, generally, a claimant's statements about her symptoms, alone, will not establish disability; there must also be objective medical evidence. *See* 20 C.F.R. § 404.1529(a)-(b).

The ALJ found that Ramsey's "medically determinable impairments could reasonably be expected to cause the alleged symptoms. However, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely persuasive. . . ." (Tr. 21). Specifically, the ALJ found her

statements "contradicted by mild findings from imaging, generally mild objective findings from physical and mental status examinations, evidence of exaggerated symptoms and high functioning activities of daily living that include independent self-care, driving and managing finances and medications." (Tr. 21). Ramsey takes issue with that finding and argues that the ALJ "mischaracterized evidence" and "failed to articulate explicit and adequate reasons for discrediting [Ramsey's] allegations of disabling symptoms." (Doc. 20 at 21). Ramsey claims the ALJ rejected her subjective complaints "without pointing to any evidence in the record which calls her allegations into question." (Doc. 20 at 17). But this is flat wrong. The ALJ arrived at this finding after addressing several of the factors discussed above and listed in 20 C.F.R. § 404.1529(c)(3).

The ALJ conducted an extensive review of Ramsey's treatment history. (Tr. 21-25). The ALJ recognized that Ramsey has undergone multiple surgeries. (Tr. 25). But the ALJ also noted many examinations in which Ramsey was "in no acute distress" and many findings were "mild" and "within normal limits." (Tr. 22-24). Ramsey often exhibited a "normal gait" and in one record her "motor strength was 5/5 throughout the upper and lower extremities." (Tr. 23-24, 746, 760-61). At other times, Ramsey reported she was doing well, with minimal pain and increased mobility and strength. (Tr. 22, 415, 430). And post-operative restrictions in the record were only temporary following surgery. (Tr. 26, 989-1003). Records also show that Ramsey's hand tremors were absent during examinations. (Tr. 22, 25, 300,

9

305, 311). The ALJ further highlighted that, at an examination with a gastroenterologist, Ramsey indicated her most recent colonoscopy was normal and the endoscopy showed mild gastritis. (Tr. 24, 438). The ALJ conducted an extensive review of Ramsey's mental health treatments and examinations as well and noted the times Ramsey presented with "appropriate mood and affect" and "logical and goal directed" thought processes. (Tr. 23-24, 339, 346, 542-60).

The ALJ also considered the "type, dosage, effectiveness, and side effects" of Ramsey's medications. *See* 20 C.F.R. § 404.1529(c)(3)(iv). As for her arthritis, the ALJ noted Ramsey takes Methotrexate and Ibuprofen as needed. (Tr. 25, 336). Ramsey denied side effects from medications, and an examination of 76 joints found them all to be "non-tender and non-swollen." (Tr. 23, 339, 346, 354). As to cervical and lumbar pain, the ALJ observed that Ramsey received an injection that provided "75% relief." (Tr. 24, 743). Ramsey never required pain management treatment. (Tr. 25). And a gastroenterologist gave Ramsey only samples of Trulance and Linzess. (Tr. 23, 440). As for her anxiety, Ramsey reported she felt "really good" and thought her new medical regimen was working well. (Tr. 24, 938). Thus, the ALJ had reason to discount Ramsey's subjective complaints as inconsistent with evidence of her treatment and medications. *See Wilson v. Barnhart*, 284 F.3d 1219, 1226 (11th Cir. 2002) (finding ALJ properly rejected claimant's subjective testimony in light of treatment and medications, among other evidence); *Buley v. Comm'r of Soc. Sec.*, 739 F. App'x 563, 571 (11th Cir. 2018) (same).

The ALJ also considered Ramsey's daily activities. *See* 20 C.F.R. § 404.1529(c)(3)(i). On this score, the ALJ found:

> she is capable of performing personal care independently, managing her medications independently, preparing simple meals, performing light household chores, driving, shopping for groceries in stores and by computer, and managing her finances. She reads, watches TV, converses with others, and gets along well with family, friends and neighbors. She walks outside daily and goes outside alone (Ex. 60). Although the claimant's impairments certainly caused some limitation, some of the abilities required in order to perform these activities are the same as those necessary for obtaining and maintaining employment.

(Tr. 25). The ALJ pulled this information directly from a function report filled out by Ramsey. (Tr. 220-29). And Ramsey has reported she is completely independent in her daily activities. (Tr. 681). All the more reason for the ALJ to discount Ramsey's subjective complaints of pain as also inconsistent with evidence of her daily activities. *See Douglas v. Comm'r, Soc. Sec. Admin.*, 832 F. App'x 650, 658 (11th Cir. 2020) (finding evidence the claimant "performed her daily activities independently" supported the ALJ's evaluation of subjective complaints). Finally, the ALJ found persuasive the findings of state-agency physicians that Ramsey could perform light work. (Tr. 26). These state-agency findings provide additional support for the ALJ's evaluation of Ramsey's complaints. *See Rawls v. Comm'r of Soc. Sec.*, No. 6:19-cv-1541-ORL-EJK, 2020 WL 6287683, *6 (M.D. Fla. Oct. 27, 2020) (finding the opinions of state agency examining physicians supported the ALJ's evaluation of subjective complaints).

In sum, the ALJ cited specific evidence to support his finding that Ramsey's

statements of disabling symptoms were not consistent with the objective medical evidence of record, evidence of treatment history, evidence showing improvements with treatment, Ramsey's own denials of symptoms, her daily activities, and the state agency medical consultants' prior administrative medical findings. Supported by this substantial evidence, the ALJ properly evaluated Ramsey's subjective complaints and accepted them to the extent they were consistent with the objective medical evidence and other evidence of record. (Tr. 27) ("The residual functional capacity for a reduced range of light work is supported by the overall record, including the claimant's testimony, and the medical and nonmedical evidence of record."). The court declines Ramsey's invitation to reweigh the evidence and potentially come to a different conclusion. *See Borges v. Comm'r of Soc. Sec.*, 771 F. App'x 878, 822 (11th Cir. 2019) ("To the extent that Borges points to other evidence that would undermine the ALJ's RFC determination, her contentions misinterpret the narrowly circumscribed nature of this Court's appellate review, which precludes it from re-weighing the evidence or substituting its own judgment for that of the Commissioner.").

### III.    Conclusion

Upon consideration of the submission of the parties and the administrative record, substantial evidence supports the ALJ's decision and there was either no error or no harmful error in the ALJ's application of the correct legal standard. Accordingly, the decision of the Commissioner should be **AFFIRMED** pursuant to

sentence four of 42 U.S.C. § 405(g), and the clerk should be directed to enter judgment, terminate any pending motions and scheduled events, and close the case.

Respectfully recommended on January 17, 2023.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE


## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1. **To expedite resolution, parties may file a joint notice waiving the 14-day objection period.**