UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRENDA K. RAMSEY,

      Plaintiff,

v.                       Case No:  2:22-cv-75-JES-NPM

COMMISSIONER   OF   SOCIAL
SECURITY,

      Defendant.

_____

**OPINION AND ORDER**

This matter is before the Court on consideration of Magistrate Judge Nicholas P. Mizell's Report and Recommendation (Doc. #21), filed on January 17, 2023, recommending that the Decision of the Commissioner be affirmed.  Plaintiff filed Objections to the Report and Recommendation (Doc. #22) on January 31, 2023, and the Commissioner filed a Response (Doc. #23) on February 9, 2023.  For the reasons set forth below, the objections are overruled.  After *de novo* review, the Report and Recommendation is accepted and the Decision of the Commissioner is affirmed.

**I.**

A district court must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made.  See 28 U.S.C. § 636(b)(1)(C).  The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards.

Walker v. Soc. Sec. Admin., Comm'r, 987 F.3d 1333, 1338 (11th Cir. 2021); Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004).  Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1060 (11th Cir. 2021); Buckwalter v. Acting Comm'r of Soc. Sec., 5 F.4th 1315, 1320 (11th Cir. 2021). Even if the evidence preponderates against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence.  Buckwalter, 5 F.4th at 1320; Crawford, 363 F.3d at 1158-59.  The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner.  Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1104 (11th Cir. 2021); Buckwalter, 5 F.4th at 1320.  The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review. Pupo, 17 F.4th at 1060.

## II.

Following the familiar five-step process applicable to applications for disability insurance benefits, Buckwalter, 5 F.4th at 1320, the Administrative Law Judge (ALJ) found:

Step One:  Plaintiff had not engaged in substantial gainful activity since April 23, 2019, the alleged onset date.  (Doc. #12-2, Tr. 17.)

Step Two:  Plaintiff had the following severe impairments: degenerative changes of the cervical and lumbar spine; irritable bowel syndrome; rheumatoid arthritis; hand tremors; and anxiety. (Id.)

Step Three:  Plaintiff's impairments or combination of impairments did not meet or equal the medical severity criteria establishing disability.  (Id., Tr. 18.)

Step Four:  Plaintiff had the residual functional capacity (RFC) to perform light work, with the following limitations:

- plaintiff is able to perform only frequent reaching, handling, grasping, feeling or fingering.

- plaintiff can perform only low stress work, with no high production demands.

- plaintiff is able to perform only simple, routine, and repetitive tasks with simple instructions.

- Plaintiff can have only occasional interaction with others at the worksite.

Based on this RFC, the ALJ found plaintiff was unable to perform her past relevant work.  (Id., Tr. 20, 27.)

Step Five:  Relying in part on the testimony of a vocational expert, the ALJ found Plaintiff had the RFC to perform three light

exertional level jobs that existed in significant numbers in the national economy:  routing clerk, order helper, and router, each with an SVP of 2. The ALJ found plaintiff was not disabled.  (Id., Tr. 28.)

### III.

The single issue raised by plaintiff in this case asserted that the ALJ violated Social Security Administration (SSA) policy by rejecting her allegations of disabling symptoms without adequate consideration and explanation of the factors set forth in 20 C.F.R. § 404.1529 and Social Security Ruling (SSR) 16-3p. (Doc. #20, pp. 15-22.)  Plaintiff asserted this was a legal error requiring reversal of the Commissioner's decision.  (Id.)  The Magistrate Judge found no such legal error and recommended that the decision of the Commissioner be affirmed.  (Doc. #21.) Plaintiff raises three objections to the Report and Recommendation, which the Court discusses separately.

Plaintiff first objects to the Magistrate Judge's citation to an unpublished decision (Borges v. Comm'r of Soc. Sec., 771 F. App'x 878, 822 (11th Cir. 2019)) because it is distinguishable from her issue.  (Doc. #22, pp. 1-2.)  Although the Court finds no error in the citation of this case, it also does not intend to rely upon it.  Plaintiff's objection is therefore overruled as moot.

Plaintiff's second objection is that the Magistrate Judge strayed from his proper role in reviewing the ALJ's decision. "Plaintiff asserts that the U.S. Magistrate Judge usurps the role of the fact finder by scouring the exhibits referenced in the ALJ's summary of the evidence to find support for the ALJ's discrediting of Plaintiff's allegations, rather than determining whether the ALJ's discussion itself properly addressed the factors required by the regulations." (Doc. #22, p. 2.) Such *post-hoc* reasoning, plaintiff argues, means that the Magistrate Judge's recommendation should be rejected. (Id. at pp. 2-3.)

It is certainly true that an agency's actions must be supported by the rationale given at the time of the agency's decision. See generally SEC v. Chenery Corp., 318 U.S. 80 (1943). The Supreme Court later summarized its holding in that case as follows:

> When the case was first here, we emphasized a simple but fundamental rule of administrative law. That rule is to the effect that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis. To do so would propel the court into the domain which Congress has set aside exclusively for the administrative agency.

> We also emphasized in our prior decision an important corollary of the foregoing rule. If the administrative action is to be tested by the basis upon which it purports to rest, that basis must be set forth with such clarity as to be understandable. It will not do for a court to be compelled to guess at the theory underlying the agency's action; nor can a court be expected to chisel that which must be precise from what the agency has left vague and indecisive. In other words, 'We must know what a decision means before the duty becomes ours to say whether it is right or wrong.'

Sec. & Exch. Comm'n v. Chenery Corp., 332 U.S. 194, 196 (1947) (internal citation omitted).  *If* the Magistrate Judge engaged in a *post hoc* determination, the obligation of the Court to conduct a *de novo* review means that it neither defers to nor considers any errors by the magistrate judge.  E.g., Henry v. Comm'r of Soc. Sec., 802 F.3d 1264, 1267 (11th Cir. 2015) (when applying *de* novo standard, Eleventh Circuit neither defers to nor considers any errors in the district court's opinion).  Rather, the Court makes its own determination of the issue.  Accordingly, this objection is overruled as moot.

The third and primary objection is that the ALJ violated SSA policy by rejecting her allegations of disabling symptoms without adequate consideration and explanation of the factors set forth in 20 C.F.R. § 404.1529 and SSR 16-3p.  (Doc. #22, pp. 3-4.) Plaintiff views this as a legal issue (id. at 2), but also argues that it "yielded an RFC which is not supported by substantial evidence," (id. at 3).

The ALJ recognized the correct legal standards.  The ALJ stated that he "has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSR 16-3p." (Doc. #12-2, Tr. 20.)

To establish a disability based on the testimony of pain and other symptoms, the claimant must show: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged symptoms; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed symptoms. 20 C.F.R. § 404.1529(a).  The ALJ found underlying medical conditions. (Doc. #12-2, Tr. 21.)  The ALJ stated that in considering plaintiff's symptoms, he would follow a two-step process: First, he would determine whether there was an underlying medically determinable physical or mental impairment that could reasonably be expected to produce plaintiff's pain or other symptoms; and second, once such a showing was made, he would evaluate the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limit plaintiff's work-related activities. (Id. at Tr. 20.)  The ALJ continued that whenever statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical

evidence, the ALJ must consider other evidence in the record to determine if plaintiff's symptoms limit her ability to do work-related activities. (Id.) The ALJ's statements of his legal obligations accurately correspond with those imposed by 20 CFR § 404.1529(a), (b), (c) and SSR 16-3p.

The ALJ next stated that Plaintiff "alleged that she is disabled from her physical and mental impairments." (Doc. #12-2, Tr. 21.) The ALJ spent a paragraph summarizing the claimed impairments. (Id.) The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (Id.) Neither party challenges this finding favorable to plaintiff.

Once a claimant has made this showing, the Commissioner "must then evaluate the intensity and persistence of [the claimant's] symptoms" in light of "all available evidence," including the claimant's testimony. 20 C.F.R. § 404.1529(c)(1). SSR 16-3p requires "adjudicators to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." 81 Fed. Reg. 14,166, 14,167 (Mar. 16, 2016). When evaluating a claimant's subjective symptoms, the ALJ must consider such things as (1) the claimant's daily activities; (2) the nature and intensity of pain and other

symptoms; (3) precipitating and aggravating factors; (4) effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms. See 20 C.F.R. § 404.1529(c)(3).

The ALJ found that plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely persuasive for the reasons explained in this decision." (Doc. #12-2, Tr. 21.) The ALJ identified three reasons he found plaintiff's testimony not entirely persuasive: (1) an analysis of the objective medical evidence demonstrated that plaintiff was capable of work activity consistent with the RFC finding (Id., Tr. 21); (2) plaintiff's routine and conservative medical treatment history was inconsistent with her allegations of debilitating physical and mental impairments (Id., Tr. 25); and (3) plaintiff engaged in high functioning daily activities that were inconsistent with her physical and mental allegations of disability (Id.)

For each of the stated reasons, the ALJ discussed the record evidence in detail. (Id. at Tr. 22-26.) The ALJ stated that plaintiff's statements of disabling symptoms were not consistent with the objective medical evidence, evidence of treatment history ("routine and conservative"), and her daily activities. (Doc. #12-2, Tr. 20-26.) The ALJ reviewed medical and mental health records before determining that plaintiff's "routine and conservative medical treatment history is inconsistent with her

allegations of debilitating physical and mental impairments."
(Doc. #12-2, Tr. 25.)  The ALJ found that plaintiff's statements
concerning intensity, persistence and limiting effect of her
symptoms were not entirely persuasive.  (Doc. #12-2, Tr. 21.)  The
ALJ noted mild findings from imaging, mild objective findings from
physical and mental status examinations, evidence of exaggerated
symptoms and high functioning activities of daily living that
include independent self-care, driving, and managing finances and
medications.  (<u>Id.</u>)

> Even if the claimant's daily activities are
> truly as limited as alleged, it is difficult
> to attribute that degree of limitation to the
> claimant's medical conditions, as opposed to
> other reasons, in view of the relatively
> benign medical evidence and other factors
> discussed in this decision. The medical
> evidence, and in particular, the clinical
> signs and objective evidence contained in
> imaging and diagnostic testing, treatment
> notes, physical and mental status
> examinations, and the claimant's high level of
> daily activities do not support limitations of
> function consistent with a complete inability
> to perform all work activity. Accordingly, the
> claimant's ability to participate in such
> activities undermines the persuasiveness of
> her allegations of disabling functional
> limitations.

(<u>Id.</u>, Tr. 26.)

After an independent *de novo* review, the Court agrees with
the Report and Recommendation that there was no legal error and
the ALJ's findings were supported by substantial evidence.

Accordingly, it is now

**ORDERED**:

1.    The Report and Recommendation (Doc. #21) is **accepted and adopted** by the Court.

2.    Plaintiff's Objections (Doc. #22) are **OVERRULED** as moot or **OEVERRULED**.

3.    The Decision of the Commissioner of Social Security is **affirmed**.

4.    The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this __15th__ day of February 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Nicholas P. Mizell
U.S. Magistrate Judge

Counsel of Record